UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

YVONNE CREASY,

      Plaintiff,

vs.                                                Case No.  3:12-cv-00915-J-MCR

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security,

      Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[2]

This cause is before the Court on Plaintiff's appeal of an administrative decision denying her application for Social Security benefits.  The Court has reviewed the record, the briefs, and the applicable law.  For the reasons set forth herein, the Commissioner's decision is **REVERSED AND REMANDED**.

**I.    PROCEDURAL HISTORY**

Plaintiff filed an application for a period of Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on November 23, 2009, alleging May 15, 2008 as the onset date.  (Tr. 158, 183, 187).  Plaintiff's claims were denied initially on March 11, 2010 and upon reconsideration on June 17, 2010.  (Tr. 98-113).  Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Doc. 6).

conducted on May 26, 2011. (Tr. 37, 114-17, 124). The ALJ ultimately found Plaintiff was not disabled in a decision dated July 1, 2011. (Tr. 20-29). Plaintiff requested review of the ALJ's decision, and the Appeals Council denied the request on June 13, 2012. (Tr. 1-4, 14-16). Plaintiff timely filed her complaint in this Court seeking judicial review of the Commissioner's decision finding her disabled. (Doc. 1).

## II.  NATURE OF DISABILITY CLAIM

### A.  <u>Basis of Claimed Disability</u>

Plaintiff claims to be disabled since May 15, 2008, due to foot pain, mild mental retardation, and a dysthmic disorder. (Tr. 183, 339).

### B.  <u>Summary of Evidence Before the ALJ</u>

Plaintiff was forty-nine years old on the date of her hearing before the ALJ on May 26, 2011. (Tr. 37, 44). Plaintiff has a high school education and past relevant work as a housekeeper, laundry laborer, kitchen helper and dishwasher. (Tr. 65).

As Plaintiff's appeal deals almost exclusively with the weight accorded to examining physician Dr. Sherry Risch's assessment, the Court will focus primarily on the medical records of Dr. Risch. In April and May of 2011, Plaintiff underwent a psychological evaluation performed by Dr. Sherry Risch, Ph.D. (Tr. 335-55). Dr. Risch opined that Plaintiff suffered from a dysthmic disorder and mild mental retardation. (Tr. 339). During the examination, Dr. Risch noted that Plaintiff was significantly below average in verbal comprehension, perceptual reasoning, working memory and processing speed. (Tr. 340). Additionally, Dr. Risch suggested that Plaintiff had very simple verbal and nonverbal problem solving skills, simple word knowledge and

expressive skills, and difficulty with sustained attention and concentration. (Tr. 340).

Dr. Risch's Psychiatric Review Technique Form ("PRTF") indicates that, as a result of her mental impairment, Plaintiff's functional limitations in her activities of daily living, ability to socially function, and episodes of decomposition were moderate, but limitations in regards to her ability to maintain concentration, persistence, or pace were marked. (Tr. 353). Dr. Risch opined that Plaintiff would only be able to learn basic and simple job skills and follow simple instructions. (Tr. 340). Further, at a simple level, Dr. Risch concluded Plaintiff was able to work with the public, but as the social complexity increased, Plaintiff would have increasing difficulty in her ability to do so. Id.

A state agency medical consultant also completed a PRTF in regards to Plaintiff's mental condition. (Tr. 299-312). Contrastingly, the state agency's PRTF indicates that Plaintiff's functional limitations in activities of daily living; social functioning; and concentration, persistence, or pace were mild, but her limitations regarding episodes of decomposition were none. (Tr. 309). Notably, the PRTF of Dr. Risch and the state agency consultant conflict as to whether Plaintiff's mental impairment is disabling. (Tr. 299-311, 343-47).

### C.     Summary of the ALJ's Decision

A claimant is entitled to disability benefits when she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 20 C.F.R. § 404.1505. The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is performing substantial gainful

activity, they are not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(a)(4)(i). Second, if a claimant does not have any impairment or combination of impairments, which significantly limit their physical or mental ability to do basic work activities, then they do not have a severe impairment and are not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(a)(4)(ii), 416.921(a). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, they are disabled. 20 C.F.R. §§ 404.1520(d), 416.920(a)(4)(iii). Fourth, if a claimant's impairments do not prevent them from doing past relevant work, they are not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(a)(4)(iv). Fifth, if a claimant's impairments (considering their residual functional capacity, age, education, and past work) prevent them from doing other work that exists in the national economy, then they are disabled. 20 C.F.R. §§ 404.1520(f), 416.920(a)(4)(v). Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287 n.5 (1987).

In the instant case, the ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2013. (Tr. 22). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of May 15, 2008. Id. At step two, the ALJ found Plaintiff's severe impairments included obesity and diabetes mellitus. Id. The ALJ noted that Plaintiff's impairments are severe because "they cause significant limitation in the claimant's ability to perform basic work activities." Id. However, in regards to Plaintiff's hypothyroidism and gastroesophageal disease, the ALJ determined the impairments were non-severe because the record failed to establish that they imposed vocationally

restrictive limitations for a period of 12 continuous months. (Tr. 23). Additionally, the ALJ found that Plaintiff's alleged back pain, dysthmic disorder, and neuroma of the feet, were all non-severe impairments. Id. In regards to Plaintiff's alleged dysthmic disorder, the ALJ concluded it was non-severe because "the record did not support any more than minimal limitations." Id.

At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. The ALJ next found Plaintiff had the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. 404.1567(b) and 416.967(b), but with a sit-stand option at 30-minute intervals. (Tr. 25). In making this conclusion, the ALJ determined Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms [were] not credible to the extent they [were] inconsistent with the above residual functional capacity assessment." (Tr. 26).

Based on the RFC the ALJ found that at step four, Plaintiff was not able to perform any of her past relevant work. (Tr. 27). Therefore, the ALJ proceeded to step five where she sought the advice of a vocational expert ("VE") to determine whether Plaintiff's age, education, work experience, and RFC, along with the other additional limitations, shifted Plaintiff's condition into the disabled category. (Tr. 27-29). The ALJ, with the assistance of the VE's testimony, determined that Plaintiff was not disabled because "[Plaintiff] is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Tr. 29).

5

### III. ANALYSIS

#### A. The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

B.     **Issues on Appeal**

Plaintiff argues two issues in this appeal.  First, Plaintiff contends that the ALJ erred by failing to give the opinion of an examining physician, Dr. Sherry Risch, substantial weight when she determined Plaintiff's RFC.  (Doc. 13, pp. 5-15).  Additionally, Plaintiff argues that the ALJ erred because she failed to either complete her own PRTF and append it to her decision or incorporate its mode of analysis into her decision.  (Doc. 13, pp. 15-17).

      **1.     Whether the ALJ erred by according Dr. Risch's opinion little weight when determining Plaintiff's RFC.**

Plaintiff contends that the ALJ erred by failing to accord the opinion of Dr. Risch substantial weight when making her RFC determination.  (Doc. 13, p. 5).  Specifically, Plaintiff states that the ALJ's decision to accord Dr. Risch's opinion "little weight" is not supported by substantial evidence because the order does not list activities that contradict Dr. Risch's assessment or indicate how the listed activities and record affect the soundness of Dr. Risch's opinion.  (Doc. 13, pp. 5, 11-15).  The Commissioner responds that the ALJ did not err because she stated with particularity the weight she accorded the opinion of Dr. Risch by noting that "the evidence of record did not contain the clinical and laboratory abnormalities one would expect to see," and she indicated activities in the record which were inconsistent with Dr. Risch's opinion.  (Doc. 14, pp. 8, 10).

When examining the record to determine an individual's RFC, the examining physician's opinion is generally entitled to more weight than the opinion of a non-examining physician.  20 CFR § 404.1527(c)(1);  <u>Broughton v. Heckler</u>, 776 F.2d 960,

7

962 (11th Cir. 1985); see also Hoffman v. Astrue, 259 F. App'x 213, 217 (11 Cir. 2007) (stating "[t]he opinions of non-examining, reviewing physicians...when contrary to those of examining physicians are entitled to little weight in a disability case, and standing alone do not constitute substantial evidence").  Generally, the more consistent a physician's opinion is with the record as a whole, the more weight an ALJ will place on that opinion.  20 CFR § 404.1527(c)(4).  Notably, "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  Syrock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985); Poellnitz v. Astrue, 349 Fed. Appx. 500, 503 (11th Cir. 2009).  Nevertheless, when examining the various medical opinions, "the ALJ is required to state with particularity the weight she gives to different medical opinions and the reasons why."  Hoffman, 259 F. App'x at 217 (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987)).  Courts have opined, "[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence."  Hudson v. Heckler, 755 F.2d 781, 786 (11th Cir. 1985)(citing Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)).

In Poellnitz, the court considered whether the ALJ committed reversible error when she discounted the opinions of treating and examining mental health professionals, in favor of non-examining sources, when determining the claimant's RFC. Poellnitz, 349 Fed. Appx. at 502.  In its analysis, the court explained that there is no reversible error when the ALJ articulates specific reasons for failing to accord the opinion of a treating or examining physician controlling weight and those reasons are supported by substantial evidence.  Id.  The court held that the ALJ's decision to accord

less weight to the examining physician's opinion was substantiated and clearly articulated because the ALJ specifically noted that the examining physician's opinion was called into question by her own report, by the claimant's statements regarding her activities of daily living, and by specific medical records. Id. at 503. Specifically, the claimant's assigned Global Assessment of Functioning ("GAF") of 55, issued by the examining physician; reports by three non-examining physicians that contradicted the examining physician; and the claimant's daily activities all contradicted the physician's opinion, which was enough evidence to substantiate the ALJ's decision to give little weight to the examining physician's opinion. Id.

In the instant case, the Court finds the ALJ failed to clearly articulate her reasons for according the opinion of examining physician, Dr. Risch, "little weight." Specifically, the ALJ noted:

> I have considered the medical opinion of Dr. Risch (Ex. 9F and 10F); however, the medical evidence of record does not contain the type of significant clinical and laboratory abnormalities one would expect if the claimant were as limited as alleged by Dr. Risch in Exhibit 10F. What is more, the claimant's activities of daily living are not as limited as one would expect given the doctor's assessment. For the aforementioned reasons, I have accorded little weight to the doctor's opinion.

(Tr. 27). In regards to the clinical and laboratory abnormalities the ALJ suggest are missing from the medical evidence, unlike the ALJ in Poellnitz, the ALJ provides the Court with no specificity or explanation as to what evidence in the record the ALJ used to discredit the opinion of Dr. Risch. Id. Specifically, the Court is unable to determine whether the ALJ's decision is substantiated because the ALJ's statement is too vague and leaves the Court to decipher what specific absent laboratory abnormalities caused

9

the ALJ to discredit Dr. Risch's opinion.  Id.  Additionally, the ALJ fails to mention, when briefly explaining her reasons for according Dr. Risch's assessment "little weight," which activities of daily living, individually or collectively, she believed discredited Dr. Risch's assessment.  Id.  Furthermore, the ALJ provides no explanation as to why she believed Plaintiff's activities of daily living contradicted or could not be performed given Plaintiff's GAF of 65.  Id.

Accordingly, the ALJ's decision should be reversed and remanded for the ALJ to specifically explain the reasons she accorded less weight to Dr. Risch's medical opinion.

**2.    Whether the ALJ erred by failing to analyze the Plaintiff's alleged mental impairment pursuant to the Psychiatric Review Technique Form.**

Next, Plaintiff argues that the ALJ erred in her analysis when she failed to analyze the impairment pursuant to the Psychiatric Review Technique Form ("PRTF"). (Doc. 13, pp. 15-17).  The Commissioner responds that the ALJ is not required to complete a separate PRTF, and is allowed to adopt the PRTF of the state agency psychological consultant.  (Doc. 14, pp. 5-8).

Under the Code of Federal Regulations, the ALJ is required to use the "special technique" dictated by the PRTF for evaluating mental impairments.  20 CFR § 404.1520a.  The special technique requires separate evaluations on a four or five point scale, depending on which functional area is being evaluated, of how the Plaintiff's mental impairment impacts the following functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation."   20 CFR § 404.1520a.  Subsequently, depending on whether the mental impairment is none, mild, moderate, marked, or extreme, or regarding episodes

10

of decompensation, a one, two, three, four or more, the Plaintiff's condition is labeled as either severe or non-severe.  20 CFR § 404.1520a.

Additionally, when rendering a decision, the ALJ is required to complete its own PRTF and append it to the decision or incorporate its mode of analysis into the findings and conclusions, as a failure to do so requires remand.  20 CFR § 404.1520a; Moore v. Barnhart, 405 F.3d 1208, 1214 (11th Cir. 2005)(citing Gutierrez v. Apfel, 199 F.3d 1048, 1051(9th Cir. 2000).  Furthermore, when incorporating the PRTF into the decision, the ALJ must include the significant history, including examination and laboratory findings, the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment, and specific findings as to the degree of limitation in each of the functional areas.  20 CFR § 404.1520a.

In Moore, the ALJ failed to analyze or document the plaintiff's condition in two of the PRTF's functional areas, social functioning and prior episodes of decomposition. Moore, 405 F.3d at 1214.   The court considered whether the ALJ's failure to complete the PRTF evaluation or incorporate it within the analysis, constituted a harmless error. Id.  The court ruled "that where a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF and append it to the decision, or incorporate its mode of analysis into his findings." Id. Because the ALJ failed to analyze the claimant's condition in two of the functional areas, the court held the ALJ's error was not harmless, which required the court to reverse and remand.  Id; but see Ehrisman v. Astrue, 377 F. App'x 917, 919 (11th Cir. 2010)(holding the ALJ properly employed the four PRTF functional limitation categories and provided a finding about the degree of limitation for each category, when evaluating

plaintiff's mental limitations, the ALJ concluded she had "mild restriction of activities of daily living; mild difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence or pace; and no episodes of decompensation").

In the instant case, the ALJ failed to complete her own PRTF, which the Commissioner indicates is due to the ALJ's adoption of the state agency's PRTF. (Doc. 14, p. 6-7). The Eleventh Circuit has made clear that the ALJ is obligated to complete her own PRTF and append it to the decision or incorporate the PRTF's mode of analysis into her own findings and conclusions. Moore, 405 F.3d at 1214. Since the Commissioner establishes the ALJ's failure to complete her own PRTF, by noting she adopted the state agency's PRTF, the Court focuses its analysis on whether the ALJ incorporated the PRTF's mode of analysis into her decision. (Doc. 14, p. 6-7). When examining the record, it is clear that the ALJ failed to do so, as the ALJ provides no indication as to whether the degree of limitations placed on activities of daily living; social functioning; and concentration, persistence, or pace; caused by Plaintiff's alleged mental condition, were mild, moderate, marked, extreme, or non-existent, or whether Plaintiff's episodes of decomposition, if any, were none, one, two, three, or four. (Tr. 25-27).

Specifically, the ALJ notes that Plaintiff's daily activities consisted of fishing, walks on the beach, household chores, cooking, laundry, housekeeping, and grocery shopping. (Tr. 26). However, in her analysis, the ALJ only states "the medical evidence of record does not contain the type of significant clinical and laboratory abnormalities one would expect if [Plaintiff] were as limited as alleged by Dr. Risch," which says nothing about her assessment of Plaintiff's degree of limitation. (Tr. 27). Moreover, in

12

regards to Plaintiff's ability to socially function; or concentrate, persist and keep pace, the ALJ's recitation of Dr. Risch's assessment provides no further insight as to the degree of limitation the ALJ opined was caused by Plaintiff's mental impairment, which is what is required.  (Doc. 14, p. 8); see Ehrishman, 377 F. App'x at 919.  Furthermore, the ALJ failed to analyze, incorporate, or even mention in her decision limitations placed on Plaintiff's fourth functional area, episodes of decomposition.  Moore, 405 F.3d at 1214.

Accordingly, on remand, the ALJ's is directed to analyze Plaintiff's mental impairment in accordance with the PRTF mode of analysis.

## IV.   CONCLUSION

For the foregoing reasons, the Commissioner's decision is hereby **REVERSED** and **REMANDED** to the ALJ with instructions to: (1) re-evaluate the opinion of Plaintiff's examining physician Dr. Risch and, if she gives these opinions less than controlling weight, she should make sure to clearly articulate the reasons for doing so; (2) reassess Plaintiff's mental RFC by considering and documenting the limitations summarized on the PRTF; and (3) conduct any other proceeding deemed appropriate.  The Clerk of the court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE AND ORDERED** in Jacksonville, Florida this  15th  day of August, 2013.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record